IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES W. CLARK, JR. #123588, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:24-cv-01321 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| CORE CIVIC, *et al.*, | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

James W. Clark, Jr., an inmate of the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2); Motion to Stay (Doc. No. 7); Motion to Correct Assistant Warden's Name (Doc. No. 8); Motion to Ascertain Status of Case (Doc. No. 10); Motion to Moot Stay (Doc. No. 11), and Motion for Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction (Doc. No. 12). The Court must resolve the filing fee before moving to Plaintiff's motions and the initial review of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I. FILING FEE**

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). However, in no event is a prisoner allowed to file a civil action in forma pauperis in this Court if he has, on three or more prior occasions, brought an action in a court of the United States that was dismissed on grounds of frivolity, maliciousness, or failure to state a claim upon

which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Court determined in *James W. Clark, Jr. v. Tenn. Dep't of Corrs.*, Civil Action No. 3:08-cv-97-TAV-CCS (E.D. Tenn. filed 3/17/2008), that Plaintiff is subject to the "three-strikes" rule.[1] Therefore, he may only proceed as a pauper in this action if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within the statutory exception to the "three-strikes" rule, the danger Plaintiff is facing must be a "real and proximate" threat of serious physical injury that existed at the time the complaint was filed. *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing, *e.g.*, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). Under this standard, a plaintiff must "allege[ ] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger" when he filed the complaint. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks and citation omitted).

In his complaint, Plaintiff alleges that inmate members of the "Bloods" gang and robbed him at knife point on August 1, 2024; attempted to enter Plaintiff's cell and hit Plaintiff's cell door with knives on August 5, 2024; attempted to enter the medical clinic where Plaintiff was being treated "to get at [Plaintiff]" on a subsequent date (Doc. No. 1 at PageID# 14); have a KOS ("Kill On Sight") order out on Plaintiff (*id*. at PageID# 15) as of August 8, 2024; and hit Plaintiff with a meal tray on August 8, 2024. The complaint further alleges that Plaintiff sought and was denied

---

[1] In deeming Plaintiff a "three striker," the Eastern District of Tennessee court cited the following cases and dispositions: *Clark v. Dedrick*, Civil Action No. 1:97-cv-152 (M.D. Tenn. Nov. 20, 1997) (Order dismissing case as frivolous); *Clark v. Noles*, Civil Action No. 1:98-cv-1194 (W.D. Tenn. Oct. 26, 1998) (Order dismissing case as frivolous); *Clark v. Corrections Corp. of America*, Civil Action No. 1:03-cv-98 (M.D. Tenn. Sept. 10, 2003) (Order dismissing case for failure to state a claim for relief). *See* Civil Action No. 3:08-cv-97 (Doc. No. 8 at PageID# 190-91).

protective custody on August 8, 2024. Plaintiff states that he believes he will be killed by an inmate member of the Bloods gang as soon as they can get to him.

The imminent-danger exception is a pleading requirement subject to the ordinary principles of notice pleading, *Vandiver*, 727 F.3d at 585, "concern[ing] only a threshold procedural question" that does not beg "an overly detailed inquiry" into the inmate's allegations. *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010); *Hamby v. Parker*, 307 F. Supp. 3d 822, 825-26 (M.D. Tenn. 2018). Even so, the law clearly requires an allegation of danger at the time of the inmate's filing. In this case, the Court finds Plaintiff's allegations concerning the threat of harm from Bloods prison gang members following attacks and attempted attacks by those gang members on Plaintiff, his allegation that the Bloods have a KOS order out on Plaintiff, and the denial of protective custody to Plaintiff are sufficient to establish that he was in "imminent danger of serious physical injury" at the time his complaint was filed. Accordingly, the Court will consider Plaintiff's IFP application.

From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the

greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Memorandum Opinion and Order to the administrator of inmate trust fund accounts at the TTCC to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Memorandum Opinion and Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a a Motion for Temporary Restraining Order ("TRO") and Order to Show Cause for a Preliminary Injunction (Doc. No. 12). As explained below, the Court cannot consider the merits of the motion in its current form.

In this district, a movant seeking a temporary restraining order must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, although Plaintiff's request for a TRO was made by written motion separate from the complaint and was supported by a verified complaint, the request was not accompanied by a memorandum of law. It also did not explain any effort made by Plaintiff to give notice of the TRO motion to Defendants or why notice should not be required. As such, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate his motion seeking immediate emergency relief on the merits. Accordingly, the Court **DENIES** Plaintiff's Motion for TRO and Order to Show Cause for a Preliminary Injunction. (Doc. No. 12). The denial is without prejudice to Plaintiff's ability to file a procedurally compliant motion, if appropriate.

## III. OTHER MOTIONS

Plaintiff has filed a Motion to Stay (Doc. No. 7), Motion to Correct Assistant Warden's Name (Doc. No. 8), Motion to Ascertain Status of Case (Doc. No. 10), and Motion to Moot Stay (Doc. No. 11).

Plaintiff's Motion to Correct Assistant Warden's Name is **GRANTED**. The Clerk is **DIRECTED** to correct the spelling of Defendant Assistant Warden Jermaris Parker to Jermaris Porter.

Plaintiff's Motion to Ascertain Status of Case (Doc. No. 10) is **GRANTED** insofar as the Court rules on all pending motions herein.

Given Plaintiff's Motion to Moot Stay (Doc. No. 11), which the Court **GRANTS**, Plaintiff's Motion to Stay (Doc. No. 7) is **DENIED**.

## IV. CONCLUSION

In summary, because Plaintiff is a "three striker" under the PLRA, he cannot seek pauper status unless he demonstrates that he was in imminent danger of serious physical injury at the time he filed his complaint. The Court finds that Plaintiff has met this standard. Thus, the Court can consider Plaintiff's IFP Application.

Plaintiff's IFP Application (Doc. No. 2) is granted as are his Motions to Correct Assistant Warden's Name (Doc. No. 8), to Ascertain Status (Doc. No. 10), and to Moot Stay (Doc. No. 11). Plaintiff's Motions for Stay (Doc. No. 7) and for a TRO (Doc. No. 12) are denied. The denial of Plaintiff's request for a TRO is without prejudice.

In short order, the Court will be conducting the required initial screening of Plaintiff's complaint as required by PLRA, at which time the Court will consider whether any portion of Plaintiff's complaint fails to state a claim upon which relief can be granted, is frivolous, or seeks

monetary relief from a defendant who is immune from such relief. Plaintiff's allegations will be assumed true for purposes of the required PLRA screening. No additional material is needed from Plaintiff at this time.

    IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE